NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC DAVON DAVIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1414

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01522-TMD, Judge Thompson M. Dietz.

---

Decided:  July 9, 2026

---

ERIC DAVON DAVIS, Moreno Valley, CA, pro se.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Eric Davon Davis, who sued the United States after his passport application was denied, appeals the decision of the United States Court of Federal Claims (Claims Court) dismissing his complaint for lack of jurisdiction and failure to state a claim. *See Davis v. United States*, No. 25-1522, 2026 WL 266779, at \*1 (Fed. Cl. Feb. 2, 2026) (*Decision*). Because we determine that Mr. Davis's regulatory takings claim lacks a legally cognizable property interest, we *affirm*.

## BACKGROUND

Mr. Davis alleged that on September 18, 2024, the United States Department of State issued a letter denying his passport application. *Decision*, 2026 WL 266779, at \*1. The State Department stated that Mr. Davis "was ineligible to receive passport services because the Department of Health and Human Services (HHS) certified that he owed child support." *Id.* (cleaned up).

Mr. Davis then filed a complaint against the United States in the Claims Court, seeking $498,400,000 for breach of contract and a Fifth Amendment taking. *Id.* In part, Mr. Davis alleged that he is entitled to "contractual treble damages under unrebutted private contract terms" and that "denial of his passport application" constitutes an "uncompensated taking of a cognizable property interest." *Id.*

The Claims Court determined that Mr. Davis failed to properly allege the existence of a contract between himself and the United States, dismissing his breach of contract claim for lack of jurisdiction. *Id.* at \*3. As to the Fifth Amendment takings claim, the Claims Court held that (1) the claim must be dismissed for failure to state a claim because the right to international travel and a passport are not cognizable property interests subject to the protections of the Takings Clause, and (2) to the extent that his takings claim is construed as a Fifth Amendment due process claim, the court lacks jurisdiction. *Id.* at \*2, \*4.

Mr. Davis timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the dismissal for lack of subject-matter jurisdiction de novo. *Taylor v. United States*, 959 F.3d 1081, 1086 (Fed. Cir. 2020) (citations omitted). We also review the dismissal for failure to state a claim on which relief can be granted de novo. *Id.* (citation omitted). In doing so, we accept the well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On appeal, Mr. Davis argues that the Claims Court mischaracterized the asserted property interest as the physical passport and that he plausibly alleged a taking based on "the government's prolonged, unjustified withholding of [the passport] and the resulting economic harm."[1] Appellant Br. 1.

We are not persuaded. "[A]s a *threshold matter*, the court must determine whether the claimant has established a property interest for purposes of the Fifth Amendment." *Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) (emphasis added) (citation omitted). The Claims Court correctly identified two purported property interests from Mr. Davis's allegations: (1) the right to international travel and (2) the passport itself. *See Decision*, 2026 WL 266779, at *4. Neither meets a legally cognizable property interest for a taking.

First, as the Claims Court correctly recognized, "the 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment." *Haig v. Agee*, 453

---

[1] Mr. Davis does not appeal the Claims Court's dismissal of his breach of contract claim.

U.S. 280, 307 (1981). As such, the right to international travel is not a cognizable property interest. And to the extent that Mr. Davis relies on the Due Process Clause to assert a right to travel, that allegation cannot invoke the Claims Court's jurisdiction. *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("This is so because the due process clause does not obligate the government to pay money damages.") (citations omitted). Second, Mr. Davis likewise cannot rely on withholding of the passport as a cognizable property interest because a United States passport "at all times remains the property of the United States." 22 C.F.R. § 51.7(a) (2026).

Considering that Mr. Davis failed to satisfy the threshold issue on establishing a cognizable property interest, we see no error in the Claims Court's dismissal. *See, e.g., Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 859 (Fed. Cir. 2009) (affirming the Claims Court's dismissal when the plaintiff "did not have a cognizable property interest for Fifth Amendment purposes"). Contrary to Mr. Davis's assertion, *see* Appellant Br. 1, in the absence of a cognizable property interest, the Claims Court was not required to consider the resulting economic harm from the denial of the passport application or to undertake an analysis to determine whether a regulatory taking occurred. *See Am. Pelagic*, 379 F.3d at 1372 ("If the claimant fails to demonstrate the existence of a legally cognizable property interest, the court[']s task is at an end.").

## CONCLUSION

We have considered Mr. Davis's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Claims Court's dismissal.

## AFFIRMED

## COSTS

No costs.